UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN ANJORIN,

    Plaintiff,                                Civil Action No. 18-CV-12544

vs.                                                  HON. BERNARD A. FRIEDMAN

DILLY DEAN,
DTE ELECTRIC and
STATE OF MICHIGAN,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

        This matter is presently before the Court on plaintiff's application to proceed in forma pauperis [docket entry 2]. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it fails to state a claim upon which relief may be granted.

        Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

        Pro se complaints are held to "less stringent standards" than those drafted by

lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

In the present case, plaintiff alleges that in 2011, when he reported "Energy theft" to defendant DTE Electric, it "decided to investigate the theft and subsequently the Plaintiff services were shut down." Compl. ¶¶ 10, 12. Defendant Dean, whom plaintiff identifies as an "eligibility specialist" with Michigan's Department of Human Services ("MDHS"), allegedly failed "to restore Plaintiff's light and Gas services." *Id.* ¶ 22. Further, MDHS allegedly "has failed to provide social services to Plaintiff for seven years." *Id.* ¶ 1. Plaintiff also alleges that he has "been approved for SSI but has never received any payment." *Id.* ¶ 16. Plaintiff asserts claims for gross negligence and for violations of his rights under the First, Eighth, and Fourteenth Amendments, the Rehabilitation Act of 1973, and the Americans with Disabilities Act ("ADA").

The complaint fails to state a claim upon which relief may be granted. First, no claim is stated against DTE. No constitutional claim is stated because DTE is not a state actor. Nor does the complaint contain any allegations from which one could infer that DTE is, or provides, "any program or activity receiving Federal financial assistance," 29 U.S.C. § 794(a), as required for it to be bound by the Rehabilitation Act. Nor does the complaint allege that DTE terminated his utility services "by reason of [his] disability," 42 U.S.C. § 12132, as required to invoke the ADA. Rather, the complaint alleges that DTE terminated his utility services after investigating his "energy theft" report. Compl. ¶ 12.

Second, no claim is stated against the State of Michigan or its employee, defendant Dean. According to the complaint, plaintiff's utility services were terminated by defendant DTE. Plaintiff's claim for that deprivation lies, if anywhere, with this defendant. While the complaint alleges that Dean "did not discharge her duty" and "[n]egligently . . . failed to put through Department of Human services to restore Plaintiff's light and Gas services," it does not allege the source of this duty. Nor does the complaint indicate which services the State of Michigan failed to provide him for seven years.[1] A complaint must "provide the grounds of [plaintiff's] entitlement to relief, and this requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint in

---

[1] Plaintiff does allege that he has "been approved for SSI but has never received any payment" and that "despite the approval of SSI benefits to the Plaintiff, the state has refused to make any payment." Compl. ¶¶ 16, 48. The Court takes judicial notice of the fact that Supplemental Security Income is a federal, not a state, program. If plaintiff's application for SSI benefits has been approved, but he has not received these benefits, he should inquire with the Social Security Administration as to the reason. The State of Michigan has nothing to do with SSI.

the present case fails to allege sufficient facts to state any plausible claim for relief. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

Dated: August 21, 2018  s/Bernard A. Friedman
Detroit, Michigan BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 21, 2018.

s/Johnetta M. Curry-Williams
Case Manager